IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GIAUNIE HENDRIX, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>COZY EARTH HOLDINGS, INC.,<br><br>                    Defendant. | Case No. 2:25-cv-2019-RAJ<br><br>**REPLY IN SUPPORT OF DEFENDANT COZY EARTH HOLDINGS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR:<br>March 6, 2026 |

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

**TABLE OF CONTENTS**

**Page**

I.      Introduction.................................................................................................................. 1

II.     Argument .................................................................................................................... 1

        A.      Plaintiff's CEMA Claim is Preempted .......................................................... 1

                1.      Plaintiff's Claims Do Not Sound in Tort ........................................... 1

                2.      Plaintiff's CEMA Claims, As Pled, Are Preempted................................. 4

                        (a)      Plaintiff Does Not Dispute that She Failed to Allege
                                 Reliance or Damages ......................................................... 6

                        (b)      Plaintiff Has Failed to Allege Any Material
                                 Misrepresentation.............................................................. 6

                        (c)      Plaintiff Has Failed to Allege Scienter ........................................... 9

        B.      CEMA is Unconstitutional Under the Dormant Commerce Clause ....................... 9

        C.      Plaintiff's CPA Claims Fall With Her CEMA Claims ......................................... 12

III.    Conclusion ................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ass'n for Accessible Medicines v. Bonta*,
766 F. Supp. 3d 1020 (E.D. Cal. 2025)........................................................................10

*Crowe v. Oregon State Bar*,
989 F.3d 714 (9th Cir. 2021) .......................................................................................11

*Evans v. DSW, Inc.* ........................................................................................................7

*F.T.C. v. Figgie Int'l, Inc.*,
994 F.2d 595 (9th Cir. 1993) .........................................................................................4

*F.T.C. v. Freecom Commc'ns, Inc.*,
401 F.3d 1192 (10th Cir. 2005) .....................................................................................4

*Ferguson v. Quinstreet, Inc.*,
2008 WL 3166307 (W.D. Wash. Aug. 5, 2008), *aff'd sub nom. Ferguson v.
Active Response Grp.*, 348 F. App'x 255 (9th Cir. 2009).............................................5

*Gordon v. Virtumundo, Inc.*,
575 F.3d 1040 (9th Cir. 2009) ............................................................................. *passim*

*Harrington v. Vineyard Vines, LLC*,
2026 WL 125134 (W.D. Wash. Jan. 16, 2026)...............................................................5

*Hinojos v. Kohl's Corp.*,
718 F.3d 1098 (9th Cir. 2013) .......................................................................................7

*Isomedia, Inc. v. Spectrum Direct, Inc.*,
2009 WL 10676391 (W.D. Wash. May 27, 2009).........................................................6

*Kousisis v. United States*,
605 U.S. 114 (2025).......................................................................................................6

*Meta Platforms, Inc. v. Fed. Trade Comm'n*,
723 F. Supp. 3d 64 (D.D.C. 2024)................................................................................4

*Munning v. Gap, Inc.* .....................................................................................................7

*Nat'l Collegiate Athletic Ass'n v. Miller*,
10 F.3d 633 (9th Cir. 1993) .........................................................................................10

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - ii
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

*Nat'l Shooting Sports Found. v. Bonta*,
  718 F. Supp. 3d 1244 (S.D. Cal. 2024) ...................................................................................9

*National Pork Producers Council v. Ross*,
  598 U.S. 356 (2023) .................................................................................................1, 9, 10

*Ne. Bancorp, Inc. v. Bd. of Governors*,
  472 U.S. 159 (1985) ................................................................................................................9

*Omega World Travel, Inc. v. Mummagraphics, Inc.*,
  469 F.3d 348 (4th Cir. 2006) ............................................................................3, 5, 6, 10

*Sam Francis Foundation v. Christies, Inc.*,
  784 F.3d 1320 (9th Cir. 2015) ..........................................................................................9, 10

*Silvas v. E*Trade Mortg. Corp.*,
  514 F.3d 1001 (9th Cir. 2008) .............................................................................................5

*Von Allmen v. F/V Andronica*,
  2005 WL 8172226 (W.D. Wash. Dec. 16, 2005) .........................................................1

*Wright v. Lowe's Home Centers, LLC*,
  2025 WL 2649655 (W.D.N.C. Sept. 15, 2025) ............................................................7

**State Cases**

*Kempf v. Fullbeauty Brands Operations, LLC*,
  2026 WL 395677 (W.D. Wash. Feb. 12, 2026) .............................................................5

*Brown v. Old Navy*,
  567 P.3d 38 (Wash. 2025) .....................................................................................................8

*Brummett v. Washington's Lottery*,
  288 P.3d 48 (Wash. Ct. App. 2012) ..................................................................................8

*People of California v. Macy's*,
  2021 WL 3469996 (Cal. Super. July 13, 2021) .............................................................7

*State v. Heckel*,
  24 P.3d 404 (Wash. 2001) ...................................................................................................11

**Federal Statutes**

15 U.S.C. § 7701(a)(11) ..............................................................................................................11

CAN-SPAM Act .............................................................................................................. *passim*

FTC Act ...........................................................................................................................3, 4, 6

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - iii
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

Unfair Competition Law ........................................................................................................7

**State Statutes**

R.C.W. § 19.190.020(1)(a) ...................................................................................................2

RCW 19.190.020(1)..............................................................................................................10

RCW 19.190.020(2)..............................................................................................................11

**Other Authorities**

S. Rep. No. 108–102 ............................................................................................................4

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - iv
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

## I.      Introduction

Plaintiff's CEMA claims avoid preemption under CAN-SPAM only if they align with "traditional tort theories such as claims arising from fraud or deception." *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1060-62 (9th Cir. 2009) ("*Virtumundo*").  Despite having had this clarification from the Ninth Circuit for over 15 years, Plaintiff continues to advance claims under CEMA that eschew critical elements of traditional fraud- and deception-based torts, such as reliance, scienter, and resulting pecuniary harm.  Indeed, Plaintiff's claims raise the specter of hundreds of millions of dollars in damages regardless of whether she, or any other Washington resident who received the emails with the challenged subject lines, even noticed or opened the emails, much less purchased anything as a result.  *Virtumundo* confirms this type of strict liability theory, as pled, is exactly the type of claim Congress intended to preempt, and did preempt, under CAN-SPAM.

Plaintiff's Dormant Commerce Clause argument also fails.  Plaintiff misreads *Pork Producers*, which did nothing more than reject a *per se* rule against state laws with extraterritorial effects. The decision expressly preserved the longstanding prohibition on state laws that directly regulate out-of-state conduct or impose burdens on interstate commerce that outweigh any legitimate local benefit. CEMA does exactly that. By tying liability to the residency of an email address—regardless of where an email is sent or received—CEMA forces businesses nationwide to comply with Washington's regulatory regime or risk massive statutory liability.

## II.      Argument

### A.      Plaintiff's CEMA Claim is Preempted

#### 1.      Plaintiff's Claims Do Not Sound in Tort

Plaintiff does not dispute that *Virtumundo* is the only decision from the Ninth Circuit addressing the scope of CAN-SPAM's preemption clause.  575 F.3d at 1060-64; *see also Von Allmen v. F/V Andronica*, 2005 WL 8172226, at *2 (W.D. Wash. Dec. 16, 2005) ("This Court is not at liberty to reevaluate the policy choices underlying that decision or to ignore the Ninth Circuit's holding.").  There, the Ninth Circuit made clear that Congress intended to save state law

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 1
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

claims from CAN-SPAM preemption only to the extent they "extend ***traditional tort theories such as claims arising from fraud or deception*** to commercial e-mail communication." *Virtumundo*, 575 F.3d at 1060-64. And it found plaintiff's CEMA claims preempted as pled because they had "no basis in traditional tort theories." *Id.* Plaintiff's efforts to circumvent *Virtumundo* all fail.

***First***, Plaintiff argues that *Virtumundo* is inapposite because it "involved a different provision of CEMA," R.C.W. § 19.190.020(1)(a) instead of (1)(b). Opp. at 4. However, this misconstrues *Virtumundo*'s analysis and holding. As explained below, *Virtumundo* interpreted the meaning of "falsity or deception" as used *in CAN-SPAM's preemption clause*—the exact same provision Plaintiff invokes here.

***Second***, Plaintiff claims that *Virtumundo* only required a single element of fraud, materiality, but "says nothing about reliance, damages, or scienter." Opp. at 5. On the contrary, *Virtumundo* considered multiple elements related to traditional fraud and deception tort theories in determining whether the plaintiff's CEMA claim was preempted, even if it did not explicitly call out the elements of any specific traditional tort by name. The Court explained that there was no *material* falsity because there was no proof the challenged headers had been modified and there was "nothing inherently deceptive" in Virtumundo's use of domain names. *Virtumundo*, 575 F.3d at 1063-64. The Court also noted that the plaintiff had provided zero evidence that Virtumundo's actions were "aimed at misleading recipients," *i.e.*, there was no scienter, and that the plaintiff had "admit[ted] he was not in any way misled or deceived," *i.e.*, no reliance or injury. *Id.* It was after considering all these points that the Court concluded that "[n]othing contained in [the plaintiff's] claim rises to the level of 'falsity or deception' within the meaning of the CAN-SPAM Act's preemption clause." *Id.* at 1064.

***Finally***, Plaintiff contends that CAN-SPAM's plain text, other provisions, and legislative history do not suggest that other elements of fraud are required, so *Virtumundo* could not possibly require these elements. Opp. at 8-11. But this ignores that *Virtumundo* is expressly informed by CAN-SPAM's text and legislative history.

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 2
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

As to the statute's text, Plaintiff contends that because CEMA is directed at "false or misleading information," her CEMA claims "fall[] squarely within" the meaning of "falsity or deception" in CAN-SPAM's preemption exception. Opp. at 4, 6-8. But superficial similarities between the two statutes' wording is not enough, as the language of CAN-SPAM's savings clause "is hardly as straightforward as [Plaintiff] suggests." *See Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 354 (4th Cir. 2006). As *Virtumundo* recognized, and Plaintiff does not dispute, the terms "falsity or deception" in CAN-SPAM's savings clause are "not defined" and "ambiguous." *Virtumundo*, 575 F.3d at 1060-62. This is precisely why the Court conducted a thorough analysis of CAN-SPAM's "text, structure, and legislative purpose" and ultimately concluded that "[t]he CAN-SPAM Act established a national standard, but left the individual states free to extend ***traditional tort theories such as claims arising from fraud or deception*** to commercial e-mail communication." *Id.* (emphasis added).

Plaintiff next contends that the terms "falsity" and "deception" in CAN-SPAM's savings clause do not require traditional fraud elements because falsity is only a single element of a fraud claim. Opp. at 6-7. Again, Plaintiff ignores *Virtumundo*, which interpreted these exact terms as referring to traditional fraud and deception tort theories—despite Congress not using the term "fraud." 575 F.3d at 1060-62.

Plaintiff also attempts to import the definition of "deception" from other sections of CAN-SPAM and the FTC Act, claiming that "deception" is broader than fraud. Opp. at 7-9. But *Virtumundo* analyzed CAN-SPAM's other provisions when interpreting the term "falsity or deception" in *the savings clause*. 575 F.3d at 1062. Indeed, the Court was "persuaded that the exception language … refers to 'traditionally tortious or wrongful conduct'" in part because other CAN-SPAM provisions "counsel[] against any interpretation that preempts laws relating to 'acts of fraud.'" *Id.* There is no need to consider the meaning of *other* statutes where, as here, the Ninth Circuit has already interpreted the precise provision at issue.

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 3
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

Plaintiff's reliance on the FTC Act also ignores its unique purpose, which is inapplicable here.  Namely, the FTC Act was enacted to create "a new legal duty" that is intentionally different "from the common law torts of fraud and deceit."  *Meta Platforms, Inc. v. Fed. Trade Comm'n*, 723 F. Supp. 3d 64, 92 (D.D.C. 2024).  This new legal duty relaxed standards to make enforcement easier and help the government "protect the consumer public" through "preemptive action against those responsible for deceptive acts or practices" rather than "punish[ing] the wrongdoer."  *See F.T.C. v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1202-04 (10th Cir. 2005); *see also F.T.C. v. Figgie Int'l, Inc.*, 994 F.2d 595, 605 (9th Cir. 1993) (requiring proof of traditional tort elements would "frustrate the [FTC Act's] goals").  This same rationale does not apply in the context of CAN-SPAM's preemption clause—which is likely why *Virtumundo* did not look to the FTC Act when interpreting it.

CAN-SPAM's legislative history does not help Plaintiff, either.  Plaintiff contends that Congress knew about CEMA when it drafted CAN-SPAM, and that if Congress had wanted to require proof of reliance, damages, and scienter, it would have explicitly done so.  Opp. at 9-10. Once again, this argument ignores that Congress provided no definition for "falsity or deception" in CAN-SPAM's preemption provision, hence the need for interpretation in *Virtumundo*.  What's more, *Virtumundo* consulted CAN-SPAM's legislative history extensively, repeatedly quoting legislative materials in support of its conclusion that Congress intended "to save from preemption only 'statutes, regulations, or rules that target *fraud or deception*."  *See Virtumundo*, 575 F.3d at 1061-64 (emphasis in original) (quoting S. Rep. No. 108–102, at 21).

### 2.    Plaintiff's CEMA Claims, As Pled, Are Preempted

Where, as here, a defendant raises an as-applied challenge, the preemption inquiry turns on whether the particular theory advanced by the plaintiff falls within CAN-SPAM's narrow exception. *See Silvas v. E\*Trade Mortg. Corp.*, 514 F.3d 1001, 1006 (9th Cir. 2008) (holding a state law claim is preempted "as-applied" if the specific claim pled is preempted, even if, in other circumstances, the statute might be valid).  As explained above, *Virtumundo* expressly held that

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 4
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

the exception to CAN-SPAM preemption is limited to claims aligned with traditional fraud and deception tort theories. *Virtumundo*, 575 F.3d at 1060-64. Such theories require several elements beyond falsity, including materiality, reliance, scienter, and resulting pecuniary harm. Mot. at 6. Absent such elements, "'a sender of commercial email could be potentially held liable under [CEMA] for unintentional clerical errors,' imperfect representations, or immaterial misstatements," a result *Virtumundo* found untenable and preempted. *See Virtumundo*, 575 F.3d at 1059. Because Plaintiff's CEMA claims come nowhere close to pleading the type of "traditionally tortious or wrongful conduct," or the elements of "traditional tort theories such as … fraud or deception," dismissal is warranted. *See id.* at 1060-64.

Plaintiff contends the Court should shelve *Virtumundo* and follow recent decisions from this District in which courts found that CAN-SPAM does not preempt CEMA claims under *Virtumundo*. Opp. at 3. However, these cases disregarded *Virtumundo* on grounds that it allegedly dealt with a different CEMA provision. *E.g.*, *Kempf v. Fullbeauty Brands Operations, LLC*, 2026 WL 395677, at *4 (W.D. Wash. Feb. 12, 2026) (improperly calling *Virtumundo* and *Omega* "irrelevant"). As explained above, this misreads *Virtumundo*, which interpreted the meaning of "falsity or deception" in CAN-SPAM's preemption clause, not any specific CEMA provision. Further, despite *Virtumundu*'s controlling interpretation of "falsity or deception," those courts proceeded to interpret the meaning of those terms for themselves in a way that is incompatible with *Virtumundu*. Lastly, in *Harrington* (the primary support for *Ma*, *Kempf*, and *Jerde*), the court focused on whether CEMA is preempted on its face, rather than considering the plaintiff's specific allegations. *Harrington v. Vineyard Vines, LLC*, 2026 WL 125134, at *1 (W.D. Wash. Jan. 16, 2026) ("Defendant did not … mention the terms 'as-applied' or 'facial' in its motion to dismiss …."). In finding this distinction irrelevant in *Harrington*, the court contradicted *Virtumundo*, which specifically considered and found preempted the plaintiff's claims *as pled*. *Virtumundo*, 575 F.3d at 1064; *see also Omega*, 469 F.3d at 353 ("Whatever the precise scope of the Oklahoma provision might be, we cannot agree that [plaintiff's] action for immaterial

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 5
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

errors survives preemption"); *Ferguson v. Quinstreet, Inc.*, 2008 WL 3166307, at \*9 (W.D. Wash. Aug. 5, 2008), *aff'd sub nom. Ferguson v. Active Response Grp.*, 348 F. App'x 255 (9th Cir. 2009) (finding plaintiff's CEMA claim preempted as pled).

Here, the Court should follow the analysis applied in *Virtumundo* and *Omega World* and consider whether Plaintiff's claims as pled sound in traditional tort theories like fraud, as required to avoid preemption. If the Court finds Plaintiff's CEMA claim preempted as pled, it need not even reach the question of facial preemption. *See id.*

### (a)    Plaintiff Does Not Dispute that She Failed to Allege Reliance or Damages

Plaintiff's Opposition points to no allegations that would allow a plausible inference of reliance or fraud-based damages. Both of these deficiencies prevent Plaintiff from stating a claim based on traditional fraud or deception tort theories as required by *Virtumundo*, and renders her claims preempted. Mot. at 10-11.

### (b)    Plaintiff Has Failed to Allege Any Material Misrepresentation

Plaintiff concedes, as she must, that materiality is required to avoid preemption. Opp. at 5, 11. But her grab-bag of arguments as to why she has pled materiality all fail.

First, Plaintiff attempts to diminish the materiality requirement by again relying on the inapposite FTC Act. *Id.* at 11. As discussed above, drawing strictly from the FTC Act in this context is misguided and improper, especially in light of *Virtumundo*. Materiality must be informed by the context of the "traditional" fraud and deception tort theories *Virtumundo* held could survive preemption under CAN-SPAM. Mot. at 7-10.

Plaintiff also claims that whether she actually read any of the challenged emails is irrelevant to materiality, and only relates to reliance. Opp. at 12-13. Not so. Materiality focuses on "the effect on the likely or actual behavior of the recipient of the alleged misrepresentation," in particular whether "the misrepresentation 'constitut[ed] an inducement or motive' to enter a transaction." *Kousisis v. United States*, 605 U.S. 114, 131 (2025) (cleaned up). Reliance, on the other hand, considers whether action was taken based on the misrepresentation. *Isomedia, Inc. v.*

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 6
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

*Spectrum Direct, Inc.*, 2009 WL 10676391, at *4 (W.D. Wash. May 27, 2009).  Plaintiff has not plausibly pled either here: she could not possibly have found important, or been motivated to enter a transaction by, something she did not see.  Plaintiff also pleads nothing to suggest that any reasonable consumer has ever made a purchasing decision based on an email's subject line.  Reasonable consumers understand that subject lines are high-level, one-line summaries meant to summarize the subject of the email, not all terms or conditions of a sale.  Mot. at 7-10; *see also* 6A Wash. Prac., Tort Law & Practice § 19:3 (5th ed.) ("A material fact is one that not only influences and affects the transaction, but also goes to its very essence and substance.").

For her "false discounts" claims, Plaintiff relies on cases that are readily distinguishable on their face, as the plaintiffs pled the exact allegations that Plaintiff omits here: that they made purchases as a result of the promised discount.  For example, in *Hinojos v. Kohl's Corp.*, 718 F.3d 1098 (9th Cir. 2013), the only question was whether the plaintiff's claim that "he would not have made the purchase but of the misrepresentation" established statutory standing under California's unique Unfair Competition Law.  *Id.* at 1107.  The same is true of *Evans v. DSW, Inc.* and *Munning v. Gap, Inc.* Opp. at 12.

Cozy Earth is not aware of a single case that has held that sales are *per se* material.  To the contrary, in *People of California v. Macy's*, the court held that "[n]either 'Regular Price' nor 'Original Price' have any noticeable impact on consumers' price and value perceptions nor do those terms have a noticeable impact on consumers' purchasing decisions. *Macy's customers appear to largely ignore them and perceive them as uninformative*…. In particular, displaying 'Regular Price' and 'Original Price' in addition to the 'Sale' price does not affect the likelihood of purchasing Macy's products." 2021 WL 3469996, at *5 (Cal. Super. July 13, 2021).  More recently, in *Wright v. Lowe's Home Centers, LLC*, 2025 WL 2649655, at *6 (W.D.N.C. Sept. 15, 2025), the court dismissed pricing claims for lack of jurisdiction at the motion to dismiss stage because "Plaintiffs … can only speculate as to the individual buying decisions of 'thousands' of

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 7
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

other customers," who "may have … not cared about earlier prices because they were pleased with the price offered."

Moreover, there is a significant difference between a sale promotion advertised on a specific item and one mentioned generally in an email subject line that nobody claims to have read. *See Macy's*, 2021 WL 3469996, at *3 ("[C]ontext matters a great deal, and largely determines whether consumers pay attention to, or attribute any meaning to reference prices."). Plaintiff cites no case suggesting that a fleeting statement in a subject line could impact a consumer's shopping behavior in any way.

*Brown v. Old* Navy, 567 P.3d 38 (Wash. 2025), does not say otherwise. That decision answered a narrow, certified question that has nothing to do with materiality. The *Brown* court did not decide whether any statement before it was material, much less the materiality of statements in unrelated cases; only whether certain statements could be considered factual, rather than "puffery," for purposes of a CEMA claim. *See id.* at 595–96.

Plaintiff's "time-limited sales" theory fails for additional reasons. Plaintiff contends that the misstatements in these subject lines were material because "if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else." Opp. at 12 (citing Complaint ¶ 40). Plaintiff reads too much into the few-word subject lines. At best, Plaintiff's theory is that these subject lines lead people to make a purchase a day earlier than they otherwise would. Such allegations fail under *Brummett v. Washington's Lottery*, 288 P.3d 48, 54 (Wash. Ct. App. 2012), which held that "representations about the speed of sale, even if false, were not material" to a reasonable consumer. Indeed, contrary to Plaintiff's assertion, *Brummet* did not say any statements before it could be material, only that even if such statements were *assumed* to be deceptive and were relied upon, the plaintiff's claims still failed, in part because they were not of material importance. *Id.*

In sum, Plaintiff cannot establish materiality without alleging that anyone has read or cared about the challenged statements. Even if she could, the challenged statements are not, on their

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 8
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

face material—and certainly could not be material in the context of a single subject line in an email inbox. Because materiality is required to avoid CAN-SPAM preemption, Plaintiff's claims should be dismissed.

### (c) Plaintiff Has Failed to Allege Scienter

Although Plaintiff identified no allegations as relating to scienter in her complaint, she now points to two allegations she contends allege scienter: that Cozy Earth "knows what sales it is offering and knows that, in truth, it almost always offers sales and the sales are not truly ending soon," and that "Cozy Earth designs the subject lines of its promotional emails to induce recipients to make a purchase during its supposedly limited-time sales." Opp. at 14. However, such allegations, together or in isolation, do not plausibly plead scienter. As noted above, all commercial emails sent by a business intend to induce a purchase; that is not evidence of intent to defraud. Nor is Cozy Earth's alleged knowledge regarding its sales and their timing, especially considering Plaintiff has not alleged sufficient facts from which the Court could reasonably infer that each "sale" Cozy Earth offered over time made the exact same deals "almost always" available. Mot. at 1-3. Indeed, Plaintiff has made no allegations regarding which products were on sale, the amount they were on sale, or their general price history. *Id.* She offers no excuse for these deficiencies.

### B. CEMA is Unconstitutional Under the Dormant Commerce Clause

Plaintiff contends that the Dormant Commerce Clause does not apply here because CAN-SPAM explicitly authorizes laws like CEMA. Opp. at 15-17. Not so. Congressional authorization of laws or actions that would otherwise violate the Dormant Commerce Clause must be unmistakably clear. *See Ne. Bancorp, Inc. v. Bd. of Governors*, 472 U.S. 159, 174 (1985) (finding the challenged action "plainly authorize[d]"). Congress's decision not to preempt a narrow category of state laws does not constitute a blanket authorization for states to impose nationwide regulatory regimes or excessive burdens on interstate commerce. As discussed above, to the extent Plaintiff's claims are actionable under CEMA as pled, such claims are preempted by CAN-SPAM

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 9
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

and not authorized by Congress. Thus, whether CEMA, and in particular its fullest scope, has been "plainly" authorized by Congress is far from clear.

Second, Plaintiff's failed attempts to undermine *Sam Francis Foundation v. Christies, Inc.*, 784 F.3d 1320 (9th Cir. 2015), do not prevent finding CEMA's subject-line provision unconstitutional.[1] Contrary to Plaintiff's assertion that *Sam Francis* is inconsistent with *National Pork Producers Council v. Ross* and *Pork Producers* controls (Opp. at 21), *Pork Producers* rejected only a per se rule invalidating state laws with incidental extraterritorial effects; it did not authorize states to directly regulate out-of-state transactions by actors with no connection to the regulating state. 598 U.S. 356, 376 n.1 (2023). Indeed, *Pork Producers* expressly highlighted that the statute at issue only regulated companies doing business in California and left the question open as to statutes regulating out-of-state transactions. Courts applying *Pork Producers* have recognized that distinction. *See, e.g.*, *Nat'l Shooting Sports Found. v. Bonta*, 718 F. Supp. 3d 1244, 1256 n.1 (S.D. Cal. 2024) (*Pork Producers* "did not disturb the constitutional bar on state laws that 'directly regulate[] out-of-state transactions by those with no connection to the State'"); *Ass'n for Accessible Medicines v. Bonta*, 766 F. Supp. 3d 1020, 1033 (E.D. Cal. 2025) (courts in this Circuit still "follow[] … *Sam Francis* and *Sharpsmart*").

Plaintiff's argument that Cozy Earth's concerns about CEMA's regulation of out-of-state transactions are purely speculative or hypothetical also misses the point. As in *Sam Francis*, Cozy Earth does not rely on hypothetical scenarios, but on the statute's facial reach. CEMA's text alone establishes that it applies to emails sent and received entirely outside Washington. That is the hallmark of impermissible extraterritorial regulation—not a merely incidental "ripple effect." *See Pork Producers*, 598 U.S. at 390.

---

[1] Plaintiff's claim that *Sam Francis* involved only an "as applied" challenge, instead of a "facial" challenge, is incorrect. Opp. at 21. The court found the provision "*facially violates* the 'dormant' Commerce Clause" because it "*facially regulates* a commercial transaction that 'takes place wholly outside the state's borders.'" *Sam Francis*, 784 F.3d at 1323-24 (emphasis added).

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 10
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

Third, and finally, regardless of whether such exterritoriality concerns should be addressed under *Sam Francis* or *Pike*, as Plaintiff claims (Opp. at 20), the *Pike* balancing test weighs in favor of striking down CEMA's subject-line provision.  CEMA subjects an inherently interstate activity to Washington's regulatory regime, as it forces compliance on every interstate email, regardless of the email's connection to Washington.  *See Omega*, 469 F.3d at 356–57 ("[O]ne state's Internet laws may impose compliance costs on businesses throughout the country, because it is difficult for businesses to determine where Internet users are located.").  As a result, it becomes the "de facto" national standard. *Id*.  The Commerce Clause exists precisely to prevent a single state from imposing its regulatory preferences on the whole nation. *Nat'l Collegiate Athletic Ass'n v. Miller*, 10 F.3d 633, 639 (9th Cir. 1993).

Plaintiff contends that there is no real burden on businesses from CEMA unless they send false or misleading emails.  Opp. at 17.  But this argument misses the point.  CEMA prohibits the transmission of commercial emails sent from outside Washington to an email address "the sender knows, or has reason to know is held by a Washington resident," regardless of where the recipient is located or receives or sees the email. RCW 19.190.020(1). Compounding the problem, CEMA deems a sender to "know" a recipient's residency whenever that information is theoretically obtainable from a domain registrar.  RCW 19.190.020(2).  Thus, out-of-state commercial emailers effectively must assume that CEMA applies to every email they send, unless they contact the registrant of each recipient's domain—potentially tens of thousands—to attempt to verify residency.  Indeed, Plaintiff's desired class definition of "all Washington residents who receive promotion emails from Cozy Earth with subject lines advertising sales or discounts on Cozy Earth Products" further suggests that this is what CEMA demands.  Complaint, ¶ 47.  This imposes significant costs and burdens on interstate businesses engaged in routine commercial communications.

As for step two of the *Pike* balancing test, Plaintiff has failed to show, and cannot show, that any local benefits of CEMA's subject-line provision outweigh the burden it places on

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 11
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

businesses nationwide because virtually all of the benefits Plaintiff identifies are already achieved by CAN-SPAM. Mot. at 12. Indeed, Congress enacted CAN-SPAM precisely because commercial email is "inherently interstate" and because piecemeal state regulation would burden interstate commerce. *Virtumundo*, 575 F.3d at 1062–63; 15 U.S.C. § 7701(a)(11). Although Plaintiff contends CEMA's broader scope provides additional benefits that are not illusory (Opp. at 19), that is wrong. To the extent CEMA claims are not based on traditional fraud and deception tort theories, they are preempted. *See supra* Section II.A.1. Thus, CEMA does not provide any benefits that outweigh the significant burden it places on businesses nationwide.

*State v. Heckel*, 24 P.3d 404, 411 (Wash. 2001), the main case on which Plaintiff relies, does not show otherwise.[2] *Heckel* was decided in 2001, over two years before CAN-SPAM was enacted, as Plaintiff acknowledges. *See* Opp. at 19. Whatever benefits CEMA provided to Washington residents in 2001 have since been provided or exceeded by CAN-SPAM and are thus illusory, as explained above. Further, at the time *Heckel* was decided, internet commerce and marketing were nowhere near as ubiquitous and important to the economy as they are today. Its reasoning and conclusions are thus outdated, especially in light of Congress' subsequent efforts to regulate interstate online commerce through more efficient national standards such as CAN-SPAM. *See* Mot. at 4. CEMA is unconstitutional.

### C.    Plaintiff's CPA Claims Fall With Her CEMA Claims

Plaintiff does not dispute that her CPA claims rise or fall with her CEMA claims. Opp. at 22. Thus, her CPA claims should be dismissed as well.

### III.    Conclusion

For all the foregoing reasons, Plaintiff's claims should be dismissed with prejudice in their entirety.

---

[2]    This Court is also not bound to follow *Heckel* on this issue. *See Crowe v. Oregon State Bar*, 989 F.3d 714, 730 (9th Cir. 2021).

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 12
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

DATED: March 6, 2026

/s/ Meegan B. Brooks
Meegan B. Brooks (WA 62516)
**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 424.204.4400
Fax: 424.204.4350
Email: brooksm@ballardspahr.com


Attorneys for Defendant
Cozy Earth Holdings, Inc.

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 13
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

## CERTIFICATE OF COMPLIANCE

I hereby further certify that the word count for this Motion complies with Local Rule 7(e) and does not exceed 4,200 words (4,135 words).

/s/ *Meegan B. Brooks*

MEEGAN B. BROOKS (WA 62516)
Attorneys for Defendant
Cozy Earth Holdings, Inc.

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 14
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 6th day of March, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

/s/ *Meegan B. Brooks*

MEEGAN B. BROOKS (WA 62516)
Attorneys for Defendant
Cozy Earth Holdings, Inc.

REPLY IN SUPPORT OF DEFENDANT
COZY EARTH HOLDINGS, INC.'S
MOTION TO DISMISS - 15
2:25-cv-2019-RAJ

**BALLARD SPAHR LLP**
71 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone: 415-318-2770
Fax: 424-731-8301