HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GIAUNIE HENDRIX, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br>and<br><br>STATE OF WASHINGTON,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>COZY EARTH HOLDINGS, INC.,<br><br>Defendant. | Case No. 2:25-cv-02019-RAJ<br><br>ORDER TO SHOW CAUSE |

THIS MATTER comes before the Court on Defendant's Motion to Dismiss. Dkt. No. 15. Plaintiff asserts putative class action claims against Defendant Cozy Earth Holdings, Inc., alleging that Defendant sent promotional emails to Plaintiff and other Washington consumers containing misleading subject lines, in violation of Washington's Consumer Electronic Mail Act ("CEMA"), RCW 19.190.020(1)(b), and the Consumer Protection Act ("CPA"), RCW 19.86.020. Dkt. No. 1-1. Defendant argues primarily that Plaintiff's claims should be dismissed because (1) CEMA is preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003,

15 U.S.C. § 7701 *et seq.* (the "CAN-SPAM Act") and (2) CEMA violates the dormant Commerce Clause. Dkt. No. 15 at 7–8.

In recent months, multiple courts in this district have questioned whether plaintiffs in similar putative class actions arising under CEMA and/or the CPA lack Article III standing. *Hutton v. Papa John's USA*, 2026 WL 1183241, at *1 (W.D. Wash. Apr. 30, 2026) (collecting cases). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Analyses of the standing issue by courts in this district have yielded varying conclusions and approaches. *Compare, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026) (finding standing requirement satisfied); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. March 30, 2026) (remanding for lack of standing). Other courts have ordered supplemental briefing on the issue of whether the plaintiff(s) have Article III standing or stayed the actions pending resolution of the Ninth Circuit's appeal of *Montes v. SPARC Group, LLC*, No. 23-35496 ("*Montes I*"). *See, e.g.,* Minute Orders, *Harrington v. Vineyard Vines, LLC*, No. 25-1115 TSZ (W.D. Wash.), Dkt. Nos. 48 (finding the standing issue "unclear" and ordering supplemental briefing), 64.

In December 2025, a court in the Eastern District of Washington concluded that a similarly situated plaintiff lacked Article III standing, finding that mere "recei[pt of] an email with a misleading or false subject line" does not constitute a concrete injury. *Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) ("*Montes II*"). The *Montes II* decision was appealed to the Ninth Circuit; as of the date of this Order, the appeal remains pending. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026). In light of the pendency of the *Montes II* appeal, numerous courts in this district have stayed proceedings in analogous CEMA/CPA matters. *Meadows*

*v. Lands' End, Inc.,* No. 3:25-CV-05841-BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026) (collecting cases). This Court agrees that the resolution of the *Montes II* appeal "will be dispositive on the threshold Article III jurisdictional question." *Id.*

Accordingly, the parties are **ORDERED TO SHOW CAUSE** (i) why this case should not be remanded to King County Superior Court for lack of subject matter jurisdiction, and (ii) whether this case should be stayed pending the Ninth Circuit's ruling in the *Montes II* appeal. The parties' responses are due by September 17, 2026, and shall not exceed 2,800 words.

The clerk is directed to **RE-NOTE** Defendants' Motion to Dismiss, Dkt. No. 15, for September 17, 2026.

Dated this 10th day of September, 2026.

The Honorable Richard A. Jones
United States District Judge